# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

KELLY WILSON,

       Plaintiff

v.                                              Case No. 8:20-cv-00643-T-02AEP

HH SAVANNAH, LLC
and HYATT HOTELS CORPORATION.

       Defendant
_____/

## ORDER OF VENUE TRANSFER

This matter came before the Court upon the joint motion of both defendants to dismiss for lack of personal jurisdiction or, alternately, to transfer venue. Doc. 12. In the interest of justice pursuant to 28 U.S.C. 1404(a), the Court orders this case transferred to the U.S. District Court for the Southern District of Georgia, Savannah Division, where it could have been brought and where it should have been brought.

## BACKGROUND

Plaintiff slipped and fell on a wet bathroom floor in the Hyatt hotel in downtown Savannah, Georgia, a hotel that is a short walk from the federal courthouse there. Doc. 9 at 6–7. Plaintiff's fall caused her injury, including a cut lip and eventual shoulder surgery. According to the Amended Complaint, the

Hyatt hotel in Savannah was owned and operated by Defendant HH Savannah LLC. Doc. 9 at 1–2. HH Savannah had a registered agent in Georgia, was a hotel operator in Georgia, and was a Delaware Corporation. Doc. 9 at 1, 2. Codefendant Hyatt Hotels Corp. is the large Illinois and Delaware based parent and franchisor of HH Savannah, is also alleged in the original complaint to operate the Savannah, Georgia hotel. *Id.*

Although the fall and injury happened in the Savannah hotel, the original Complaint contended, frivolously, that venue existed in the Middle District of Florida because Plaintiff resides in Pasco County, Florida. Doc. 1 at 1. The Court dismissed the original complaint without prejudice for failure to allege proper venue.

In the Amended Complaint, again Plaintiff sues the same two entities for her bathroom fall, stating that "[t]he incident which is the subject of this litigation occurred in the Hyatt Regency Savannah Hotel located at 2 Bay Street, Savannah, Georgia 31401." Plaintiff alleges that a defective shower head sent water on the floor which caused her to lose footing and fall when she exited the shower. Doc. 9 at 6–7 pars. 34–38. The Amended Complaint, again, erroneously alleges venue, stating that venue is proper in the Middle District because Plaintiff is domiciled in Hillsborough County, Florida. *Id.* at 1 par. 2. A Plaintiff's domicile is no basis for venue under 28 U.S.C. 1391, an error repeated in both complaints.

No further mention of venue can be found in the amended complaint. Although not set forth in the Amended Complaint, with a charitable reading of the Amended Complaint, one may divine venue (arguably) against the Defendants under 28 U.S.C. 1391(d). Plaintiff alleges that HH Savannah LLC is owned by and has an "alter ego" owner (not the codefendant) that operates one or more hotels in Tampa. Plaintiff also alleges the codefendant Hyatt Hotels Corp. owns or franchises some 60 hotels across Florida and has marketing and sales programs throughout Florida. Doc. 9 at 2–4.

The Defendants have moved to dismiss the amended complaint for lack of personal jurisdiction or lack of venue. Defendants move, alternately, to transfer venue. Doc. 12. Plaintiff's response is at Doc. 19.

The Court determines that transfer to Savannah in the Southern District of Georgia is appropriate in the interests of justice. 28 U.S.C. § 1404(a) provides that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." When making the determination whether to transfer a case to another venue, a court must first look at whether this case could have been filed in another district court. *See Eye Care Int'l, Inc. v. Underhill*, 119 F. Supp. 2d 1313, 1318 (M.D. Fla. 2000). After making this determination, a court will then consider the

following nine factors in determining "whether the transfer would be for the convenience of the parties and witnesses and in the interest of justice":

  (1) the convenience of the witnesses;
  (2) the location of relevant documents and the relative ease of access to sources of proof;
  (3) the convenience of the parties;
  (4) the locus of operative facts;
  (5) the availability of process to compel the attendance of unwilling witnesses;
  (6) the relative means of the parties;
  (7) a forum's familiarity with the governing law;
  (8) the weight accorded a plaintiff's choice of forum; and
  (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

*Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 n.1 (11th Cir. 2005). These factors heavily support the Savannah venue. Plainly the transferee court has full personal jurisdiction (which is highly questionable in Florida), subject matter jurisdiction based upon diversity of citizenship, and proper, real venue (which is highly questionable in Florida). The totality of the factors well outweighs Plaintiff's interest in choosing the forum. There is "good cause" to change venue.

  Plaintiff is not disabled by this accident or unable to travel to the venue. In seeking to keep the Tampa venue, Plaintiff argues that almost all of her medical records and treating physicians are here, as well as Plaintiff herself and any before/after-type witnesses she might bring to trial. Medical records nowadays are all electronic, of course, so do not bear on venue. It is the undersigned's

experience that most treating physician in slip/fall type accidents are presented at trial by deposition.

Plaintiff fails to discuss that the accident, all matters related to the accident and her physical state, all witnesses, hotel staff statements/admissions, the EMS transport, emergency room, and initial hospital treatment, as well as possible comparative fault defenses, occurred at the Savannah hotel.  In the Amended Complaint, Plaintiff alleges a significant amount of events and proof located only in Savannah, including: HH Savannah created a negligent condition with the shower; HH Savannah was aware of the negligent condition that existed uncorrected; acts and omissions of HH Savannah caused the accident; HH Savannah did not keeps its premises reasonably safe; HH Savannah stinted on repair and maintenance; HH had "incompetent, inexperienced unskilled or careless employees and/or failed to exercise proper supervision of said employees"; and HH Savannah "knew of the existence of the 'dangerous environment' in the area" Doc. 9 at 7–9.  All proofs of fault and causation or absence of same are in Savannah.  Should a Savannah jury wish to view the accident site it would have to walk 6 minutes: a Tampa jury would be 340 miles distant.

The entire case is subject to Georgia substantive tort—and probably insurance and indemnity—law.  The State of Georgia has an interest in protecting persons within its borders, vindicating its law, and compensating victims for

injury. "When an action involves an incident occurring in a particular locale, there is a public interest in having the controversy adjudicated in that locale, rather than in a remote forum." Moore's Federal Practice, sec. 111.13[1][l] (3d Ed. 2020). The undersigned knows nothing of Georgia law. "In general, federal courts favor adjudication of diversity actions by the court that sits in the state whose substantive laws will govern the case." *Id.* 111.13[1][m], *accord Van Dusen v. Barrack,* 376 U.S. 612, 645 (1964).

As Moore's treatise notes, "[i]f none of the operative events in the lawsuit took place in the district in which the action was originally filed, a motion to transfer to the district in which the events occurred is likely to succeed . . . ." Moore's Federal Practice, sec. 111.13[1][d][i] (3d ed. 2020). "Transfer to the place where the operative events occurred may be warranted because often the majority of significant witnesses and the physical evidence also are located there . . . ." *Id.* Moore states that "the most powerful factor governing the decision to transfer a case" is the convenience of the witnesses. *Id.* at 111.13[1][e][v]. All witnesses to this injurious event, its precursors and its aftermath, are in Georgia.

None of the operative events of the tort and none of these witnesses which establish the proof in the tort cause of action as alleged are present in Florida, nor are these witnesses amenable to service of deposition process in Florida. The interests of justice strongly favors this transfer.

Accordingly, the Clerk shall transfer this case to the United States District Court for the Southern District of Georgia, Savannah Division.

**DONE AND ORDERED** at Tampa, Florida, on June 26, 2020.

*/s/ William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO:**
Counsel of Record